UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY ALLEN MILLER,<br><br>       Petitioner,<br><br> v.<br><br>AL RAMIREZ, ISCI Warden,<br><br>       Respondent. | Case No. 1:19-cv-00403-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

On October 11, 2019,[1] Idaho state prisoner Jody Allen Miller ("Petitioner") filed a Petition for Writ of Habeas Corpus challenging his state court conviction of second-degree murder. *Dkt. 2.* Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication, arguing that Petitioner's claims are untimely and procedurally defaulted. *Dkt. 10.*

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *Dkt. 7.* Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order granting the Motion for Summary Dismissal and dismissing the Petition with prejudice.

---

[1] *See* Rule 3(d) of the Rules Governing Section 2254 Cases; *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND

Petitioner was charged with first-degree murder in the First Judicial District Court in Benewah County, Idaho. *State's Lodging A-2*. Pursuant to a plea agreement that waived Petitioner's right to appeal, Petitioner entered an *Alford*[2] plea to second-degree murder. *State's Lodging B-2* at 258, 261; *Dkt. 2* at 1–2. The judgment of conviction was entered on February 17, 2012. Petitioner received a unified sentence of 25 years in prison with 12½ years fixed. Petitioner did not file a direct appeal.

On February 14, 2013, at the earliest,[3] Petitioner filed his first petition for post-conviction relief in state court. *State's Lodging B-1* at 27. The state district court dismissed the petition. *State's Lodging B-1* at 113–21. Petitioner appealed. Appellate counsel was later allowed to withdraw, and Petitioner represented himself pro se. *State's Lodging C-4*. The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition, and the Idaho Supreme Court denied review. *State's Lodging C-8, C-10*. The remittitur issued on October 24, 2017. *State's Lodging C-11*.

On July 25, 2017, while Petitioner's initial post-conviction appeal was pending, he filed a motion to withdraw his guilty plea, along with several other motions. *State's Lodging A-4 through A-8*. On April 26, 2018, the state district court denied the motion to

---

[2] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required expressly to admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

[3] Like the federal courts, Idaho courts also follow the prison mailbox rule and deem a pro se inmate's post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

MEMORANDUM DECISION AND ORDER - 2

withdraw the plea, concluding that it lacked jurisdiction because the motion was

untimely. *State's Lodging A-9* at 2. Petitioner did not appeal the denial of the motion.

On September 4, 2018, Petitioner filed a second post-conviction petition in state

court. *State's Lodging D-2*. The state district court dismissed the petition, concluding that

it was barred by Idaho Code § 19-4908, which generally prohibits successive petitions.

*State's Lodging D-4*. Petitioner did not appeal the dismissal.

Petitioner filed the instant Petition on October 11, 2019. The Petition asserts

numerous claims, including ineffective assistance of counsel claims, Fifth Amendment

claims, and prosecutorial misconduct claims. *See Dkt. 8* at 2–3.

The Court previously reviewed the Petition and allowed Petitioner to proceed on

his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action,

(2) were timely filed in this Court, and (3) were either properly exhausted in state court or

subject to a legal excuse for any failure to exhaust in a proper manner." *Id.* at 3.

Respondent now argues that the Petition is barred by the one-year statute of

limitations. The Court agrees.[4] Because Petitioner (1) is entitled to statutory tolling only

for a portion of the limitations period, (2) is not entitled to equitable tolling, and (3) has

not made a colorable showing of actual innocence, the Court will dismiss the Petition.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to

summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the

---

[4] Therefore, the Court need not address Respondent's procedural default argument.

MEMORANDUM DECISION AND ORDER - 3

face of the petition and any attached exhibits," as well as those records subject to judicial

notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see*

Fed. R. Evid. 201; *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Where

appropriate, a respondent may file a motion for summary dismissal, rather than an

answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.    Standards of Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a

petitioner to seek federal habeas corpus relief within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review."[5] 28 U.S.C. § 2244(d)(1)(A). The Court analyzes the issue of

timeliness on a claim-by-claim basis, rather than giving the petition as a whole a single

limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore,

we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each

claim in a habeas application on an individual basis.").

---

[5] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the U.S. Supreme Court, the petition is granted, and the U.S. Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, and not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

MEMORANDUM DECISION AND ORDER - 5

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555–56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when that state court action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Under Idaho law, an appellate case remains pending until a remittitur is issued,

*see Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001). Thus, for federal statute of limitations purposes, a collateral relief application in Idaho is deemed "pending" until the state appellate court issues the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

"Pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Further, each time statutory tolling ends, the statute of limitations does not restart at one year. Instead, it begins running at the place where it stopped before the post-conviction action was filed. Finally, to qualify for statutory tolling, the collateral relief application must be "properly filed," meaning that it must conform to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court cannot hear the merits of the claims unless the petitioner establishes that equitable tolling should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled only under exceptional circumstances.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal

quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under

AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d

1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The

petitioner bears the burden of showing a factual basis for equitable tolling. *United States

v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

A petitioner seeking equitable tolling must show "reasonable diligence, not

"maximum feasible diligence," and "whether a petitioner acted with reasonable diligence

is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). "Ordinarily, a

petitioner must act with reasonable diligence both before and after receiving delayed

notice that the state denied his habeas petition." *Id.* at 656; *see also Smith v. Davis*, 953

F.3d 582, 586 (9th Cir. 2020) (9th Cir. Mar. 20, 2020) (en banc) (denying equitable

tolling because petitioner "failed to exercise reasonable diligence during the 10 months

available after [the extraordinary circumstance ended] and before the time allowed by the

statute of limitations expired").

The requirement of "extraordinary" circumstances means that equitable tolling is

not justified by mere oversight, miscalculation, or negligence. *Sossa v. Diaz*, 729 F.3d

1225, 1229 (9th Cir. 2013). Also, there must be a causal link between the extraordinary

circumstance and the untimeliness of the petition. *Id.* ("[E]quitable tolling is available

only when extraordinary circumstances beyond a prisoner's control make it *impossible* to

file a petition on time and the extraordinary circumstances were the *cause* of the

prisoner's untimeliness.") (internal quotation marks and alteration omitted).

MEMORANDUM DECISION AND ORDER - 8

The statute of limitations is also subject to an actual innocence, or miscarriage-of-justice, exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)) (alterations omitted).

**2.      The Petition Is Barred by the Statute of Limitations**

>   **A.      *The Limitations Period Began to Run on March 30, 2012***

Because Petitioner did not file a direct appeal, his conviction became final on March 30, 2012—42 days after entry of the judgment of conviction on February 14, 2012. *See* 28 U.S.C. § 2244(d)(1)(A); Idaho Appellate Rule 14. Absent tolling, the statute of limitations would have expired one year later, on March 30, 2013.

>   **B.      *Even with Statutory Tolling, the Petition Was Not Timely Filed***

Petitioner filed his state post-conviction petition on February 14, 2013. *See State's Lodging B-1* at 27. By that date, 321 days of the limitations period had already passed. Under § 2244(d)(2), the limitations period was tolled until October 24, 2017, when the

MEMORANDUM DECISION AND ORDER - 9

Idaho Supreme Court issued its remittitur in the post-conviction appeal. *See State's Lodging C-11.*

The Court assumes, for purposes of this decision, that Petitioner's motion to withdraw his guilty plea, which he filed while his post-conviction appeal was pending, was an application for collateral relief that, if properly filed, would toll the statute of limitations. *See Wall*, 562 U.S. at 555–56. However, the state district court determined that the motion was untimely. *State's Lodging D-4.* Therefore, the motion to withdraw Petitioner's guilty plea did not toll the statute of limitations under § 2254(d)(2). *See Pace*, 544 U.S. at 414.

Once the remittitur in Petitioner's post-conviction appeal issued on October 24, 2017, Petitioner then had 44 days remaining in the one-year limitations period (365 days minus 321 days). As a result, AEDPA required that Petitioner file his Petition in this Court no later than December 7, 2017 (44 days after October 24, 2017). Petitioner's successive post-conviction petition did not toll the federal statute of limitations under § 2254(d), because it was filed after the expiration of that limitations period. *See Ferguson*, 321 F.3d at 822. Therefore, Petitioner's October 11, 2019 Petition was nearly two years overdue.

### C.    *Petitioner Is Not Entitled to Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case.

MEMORANDUM DECISION AND ORDER - 10

Petitioner contends that his trial counsel and initial post-conviction counsel were ineffective. *See* Dkt. 17 at 2–3, 6–8. But Petitioner's trial counsel's performance would have had no impact on whether Petitioner filed his federal habeas petition within the one-year statute of limitations. And, although ineffective assistance of post-conviction counsel can sometimes be used to excuse the procedural default of a claim, it generally does not constitute an extraordinary circumstance for purposes of equitable tolling. *See Lambrix v. Sec. of Fla. Dep't of Corrs.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in [*Martinez v. Ryan*, 556 U.S. 1 (2012)] applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotation marks omitted); *Avila v. Reinke*, Case No. 1:11-cv-00474-EJL, 2014 WL 4162385, at *8 (D. Idaho Aug. 20, 2014) (unpublished) (stating that *Martinez v. Ryan* "applies only to a procedural default defense, not to a statute of limitations defense"). Thus, Petitioner has not shown that he is entitled to equitable tolling.

### D.  *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than

not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not presented any new, reliable evidence that he is actually innocent. Therefore, the miscarriage of justice exception does not apply to render Petitioner's claims timely.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

MEMORANDUM DECISION AND ORDER - 12

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Motion for Extension of Time (Dkt. 15) is GRANTED.

Petitioner's Response to the Motion for Summary Dismissal (Dkt. 17) is

deemed timely.

2.      Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED, and

the Petition is DISMISSED with prejudice.

3.      The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a

timely notice of appeal with the Clerk of Court. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that

court.

DATED: November 4, 2020

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 13